**UNITED STATES of America**

v.

**Russell BUFALINO and Michael Rizzitello, Defendants.**

**No. 80 Cr. 0829 (KTD).**

United States District Court,
S. D. New York.

July 24, 1981.

---

143. *See* Letter from Ravitch to Goldschmidt, Sept. 26, 1980, exh. 25 to Walker aff. no. 1.

John S. Martin, Jr., U. S. Atty., S. D. N. Y., New York City, for the United States; Barbara S. Jones, Asst. U. S. Atty., New York City, of counsel.

Charles P. Gelso, Wilkes-Barre, Pa., for defendant Bufalino.

Irving Cohen, New York City, for defendant Rizzitello.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The defendants Russell Bufalino and Michael Rizzitello are charged in a two count superceding indictment with conspiring to violate the civil rights of a federal witness under 18 U.S.C. § 241. Bufalino alone is charged with obstruction of justice under 18 U.S.C. § 1503. Simply stated, the indictment accuses the defendants of plotting to kill Jack Napoli. At the time of this alleged plot, Napoli was a government witness who was prepared to testify against Bufalino on extortion charges in another criminal case in the Southern District of New York.

Both defendants now move to dismiss the indictment on several grounds. First, they argue that the government purposely wait-ed an inordinate amount of time before obtaining the indictment in order to gain a tactical advantage over the defendants. Defendants assert that this delay resulted in actual prejudice to them and violated their rights to a fair trial. Second, they argue that the superceding indictment, which contains crimes with harsher penalties than those in the original indictment, was the result of government vindictiveness. Third, the defendants submit that Count I of the indictment does not describe an offense for conspiracy to violate one's civil rights, and if anything, the acts contained in the indictment describe a violation of a more specific statute such as 18 U.S.C. § 1503 (obstruction of justice) or 18 U.S.C. § 371 (conspiracy to obstruct justice). Finally, Bufalino argues that Count II of the indictment alleges facts insufficient to support a charge of obstruction of justice. For the reasons that follow, none of defendants' arguments justify dismissal of this indictment.

### 1. *Pre-indictment Delay*

The defendants assert that the government waited several years after it had obtained the information now relied upon in the instant indictment before prosecuting this case. The principal source of the information relied upon by the government is the testimony of James Fratianno, who is also known as the "Weasel." Fratianno is now in the Federal Witness Protection Program and has a cooperation agreement with the government which was entered into on or about March 30, 1978. Since that time, Mr. Fratianno has testified numerous times resulting in indictments and convictions of many organized crime figures.

The government first became aware of Bufalino's alleged plot to kill Napoli during an FBI interview with Fratianno on March 22, 1978. At this interview, Fratianno stated that he and defendant Rizzitello travelled to New York City sometime in late 1976 and met with defendant Bufalino at Vesuvio's Restaurant. At the restaurant, Bufalino told Fratianno and Rizzitello that Jack Napoli, who was another participant in the Federal Witness Protection Program,

was prepared to testify against Bufalino in an upcoming federal trial in New York on charges of extorting money from Jack Napoli. Bufalino explained that Napoli was living in Walnut Creek, California under an assumed name and was operating a "pork store." Bufalino purportedly asked Fratianno and Rizzitello to locate and kill Napoli in Walnut Creek in order to prevent Napoli from testifying.

According to Rizzitello's attorney, Mr. Napoli knew as early as October, 1976, that Bufalino had a "contract" out to kill him. In September, 1976, Rizzitello was arrested on unrelated charges by state authorities near Walnut Creek, California, which is far away from his home in Los Angeles. On Rizzitello's person was found several documents containing information about Jack Napoli, several telephone numbers and the initials of Russell Bufalino. In August, 1977, Jack Napoli testified at Bufalino's trial concerning attempts of Bufalino to collect a debt from him by threats and extortion. Bufalino was convicted soon thereafter.

In December, 1980, Fratianno's account of these events was presented to a grand jury. This led to the original indictment against the defendants. On December 31, 1980, Rizzitello was arrested in California. At that time, he was awaiting a sentence in the Central District of California on a conviction for three crimes each involving a maximum penalty of twenty years. Believing that Rizzitello planned to flee, the government made an application before me to raise Rizzitello's bail pending his sentence. I refused this application because of the government's failure to bring this to the attention of the judge in California. Rizzitello was subsequently sentenced to five years but remained on a $50,000 personal recognizance bond pending appeal.

On April 2, 1981, the government brought a superceding indictment which replaced the count of the indictment against Rizzitello involving conspiracy to obstruct justice under 18 U.S.C. § 1503 with conspiracy to violate a citizen's civil rights, 18 U.S.C. § 241. Section 241 contains a harsher penalty than Section 1503. The government represents that the reason for bringing the superceding indictment is the dearth of evidence going to Rizzitello's awareness of Napoli's status as a federal witness. Proof of such an awareness is a necessary element under 18 U.S.C. § 1503, but not an element under 18 U.S.C. § 241.

The defendants argue that the government waited nearly four years from the date the conspiracy first became known to the government before bringing this indictment. As a result, according to the defendants, it has become impossible to present any alibis. Several witnesses to the alleged meeting at the Vesuvio's Restaurant have since died, others are either no longer available or their memories are blurred. Also, the defendants assert that the delay has prevented the government from specifying the exact dates and times of the events charged in the indictment.

■ For pre-indictment delay to result in a due process violation, there must be actual prejudice to the defendants' right to a fair trial and unjustifiable government conduct. *See United States v. Elsbery*, 602 F.2d 1054 (2d Cir. 1979), *cert. denied*, 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1980).

■ The defendants have not met their burden of showing that there was any misconduct by the government or any attempt by it to gain a tactical advantage over the defendants. Although Fratianno's testimony was made available to the FBI more than two years before the first indictment was brought, the government did not obtain corroborative testimony until approximately six months prior to the indictment. It appears from the record before me that the government was justified in waiting for such additional evidence before presenting the case to the Grand Jury.

Even if the delay by the government was unwarranted, the defendants have also failed to demonstrate actual prejudice caused by the delay. The defendant Rizzitello asserts that a prior inconsistent statement regarding the whereabouts of his

meeting with Bufalino was made by Fratianno in a book entitled "The Last Mafioso," which is Fratianno's life story as told to the author, Ovid Demaris. In the book, the meeting between Fratianno and Bufalino supposedly took place at the Rainbow Room, not Vesuvio's Restaurant, and moreover, Rizzitello was not present. Defendant Rizzitello now claims that several witnesses present in the Rainbow Room are now unavailable to corroborate the book's version of events.

This evidence does not suffice to demonstrate actual prejudice to Rizzitello. There is no indication that any of these potential witnesses in the Rainbow Room were privy to the contents of the meeting, which the book describes as being between Fratianno and Bufalino only. In addition, no explanation is offered by defendants as to why these witnesses are unavailable and what efforts have been made to locate them. Also, the mere assertion that some witnesses' recollections may be impaired as a result of the delay does not demonstrate actual prejudice. *See United States v. Finkelstein*, 526 F.2d 517, 526 (2d Cir. 1975).

■ Defendant Bufalino further argues that two frequent visitors to Vesuvio's Restaurant during the fall of 1976 to whom Bufalino "almost always spoke" are now deceased. [Gelso Affidavit, April 30, 1981, ¶ 3]. It is asserted that these two persons would have testified that they never saw Fratianno and Bufalino together in the restaurant. This assertion is not the type of "actual" prejudice which would prevent the defendant from receiving a fair trial. The possible exculpatory nature of the testimony of these witnesses is speculative at best. The prejudice inherent in any delay—"that memories will dim, witnesses become inaccessible, and evidence be lost"—does not justify the drastic remedy of dismissing the indictment. *United States v. Marion*, 404 U.S. 307, 326, 92 S.Ct. 455, 466, 30 L.Ed.2d 468 (1971).

2. *Selective Prosecution*

The defendant Bufalino asserts that he was the victim of selective prosecution. As proof of this, his attorney offers various magazine and newspaper reports and other hearsay statements by individuals who spoke with FBI agents. The agents allegedly told these individuals that "they had to get [Bufalino] off the streets." [Gelso Affidavit, March 9, 1981]. In addition, the defense cites a magazine article which explains that law enforcement agents were aggressively investigating the Hoffa murder and this led to the prosecution of several people, including Bufalino, on unrelated charges. This article quotes an FBI agent as saying "until we get to the bottom of Hoffa's disappearance, we're going to hurt everybody." [*Id.*].

■ Bufalino's assertions do not support a defense of selective or discriminatory prosecution. To show selective prosecution, a defendant bears the burden of showing, at least *prima facie*, (i) that he was singled out for prosecution while others similarly situated were not and (ii) that the government's selection of him was in bad faith, i. e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). Bufalino has failed to meet either prong of this test. Moreover, the conscious exercise of some selectivity in enforcement, as may have taken place here, does not violate a defendant's rights. *See Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962).

■ Both defendants Bufalino and Rizzitello also argue that they are the victims of vindictive prosecution by virtue of the government bringing a superceding indictment which contains crimes with harsher penalties. In the original indictment, both defendants were charged with conspiracy to obstruct justice under 18 U.S.C. § 371 which carried a maximum sentence of five years. Under the superceding indictment, the defendants are charged with conspiring to violate Jack Napoli's civil rights under 18 U.S.C. § 241, a crime with a maximum sentence of ten years. Also, the superceding indictment adds a count against Bufali-

no for obstruction of justice, 18 U.S.C. § 1503.

The defendants argue that whenever the government returns a superceding indictment containing a more severe charge, after having discovered no additional evidence and after the defendant has exercised a right before trial, there is a presumption of government vindictiveness. *Cf. United States v. Andrews*, 612 F.2d 235 (6th Cir.), *cert. denied*, 450 U.S. 927, 101 S.Ct. 1382, 67 L.Ed.2d 358 (1980); *Jackson v. Walker*, 585 F.2d 139 (5th Cir. 1978). Even under this theory, defendant Bufalino's claim does not raise the requisite presumption. There simply is no showing that he has exercised any right prior to the superceding indictment which could have triggered a vindictive response from the government. On the other hand, Rizzitello did successfully make a bail application between the time of the original indictment and the superceding indictment. This presents a possible vindictive motive. The government, however, has offered an explanation sufficient to overcome any possible violation of defendant's rights. After receiving the defendants' pre-trial motions, the government believed that they had insufficient evidence to show Rizzitello knew Jack Napoli was a government witness, a necessary element under § 1503. Such knowledge is not element under § 241. In light of this explanation, dismissal of the superceding indictment is not justified. *See United States v. Ricard*, 563 F.2d 45 (2d Cir. 1977).

3. *More Specific Statute*

■ Defendants next argue that the facts alleged in Count I of the indictment charge a crime which is more specifically described under 18 U.S.C. § 1503 (obstruction of justice, which is punishable as a conspiracy under section 371) than under 18 U.S.C. § 241 (conspiracy to violate one's civil rights). When an alleged offense by a defendant violates more than one criminal statute, a prosecutor is obligated to charge the defendant under the more specifically tailored crime. *See Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). Here, the government did not have any alternative. There simply is no proof of an essential element of a Section 371 crime, which is that Bufalino's co-conspirators knew that Napoli was a federal witness. Thus, the government properly charged the defendants with a Section 241 violation.

4. *Sufficiency of Count I*

Defendants next argue that the facts in Count I of the indictment charging a conspiracy to violate Napoli's civil rights, 18 U.S.C. § 241, are legally insufficient because no one has a right to be a witness. Defendants assert that the Second Circuit cases [1] which hold that intimidating a witness is a violation of a civil right prohibited by Section 241 are mistakenly based upon two Supreme Court cases [2] which narrowly hold that every citizen has a right to inform law enforcement agencies of a violation of federal law. It is asserted that the Supreme Court cases pronounce merely the right of a party litigant to compel testimony from a witness, not the right of a witness to testify.

■ Defendants appear to be groping for distinctions where none exist. According to the law of this Circuit, a citizen has the right to inform law enforcement officials of criminal activity.

■ Defendants also argue that the overt acts alleged in Count I are insufficient to allege a conspiracy under Section 241. These overt acts consist of two meetings at the Vesuvio's Restaurant between the defendants and James Fratianno. The indictment also states that Bufalino obtained information as to Napoli's whereabouts and that Rizzitello actually searched for Napoli in California. *See* Superceding In-

---

1. *United States v. Guillette*, 547 F.2d 743 (2d Cir. 1976); *United States v. Harvey*, 526 F.2d 529 (2d Cir. 1975), *cert. denied*, 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1976).

2. *Motes v. United States*, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900); *In re Quarles*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080 (1895).

dictment, ¶ 8(a), (b). These alleged acts are clearly sufficient to support the government's charge of conspiracy. Moreover, it should be noted that because Section 241 does not even require that proof of an overt act be shown, the sufficiency of this count of the indictment is beyond question. *See United States v. Morado*, 454 F.2d 167, 169 (5th Cir.), *cert. denied*, 406 U.S. 917, 92 S.Ct. 1767, 32 L.Ed.2d 116 (1972).

### 5. *Sufficiency of Count II*

■ Finally, defendants argue that Count II of the indictment is insufficient because it fails to allege *inter alia* that Napoli was a witness before a federal court, that he was a witness in a matter "then pending," and that Bufalino actually commissioned Rizzitello and Fratianno to kill Napoli. Also, it is asserted that there is no overt act allegedly committed by Bufalino which is sufficient to violate Section 1503. None of these grounds are availing to dismiss Count II. Count II charges Bufalino with wilfully endeavoring to intimidate Napoli, a federal witness, by having him killed. The government alleges that Bufalino obtained information about Napoli's secret whereabouts and also commissioned Rizzitello and Fratianno to kill Napoli. This is sufficient to charge a crime under Section 1503.

In conclusion, the defendants' motion to dismiss the indictment is denied in all respects.

SO ORDERED.